FILED
UNITED STATES DISTRICT COURT CLERKS OFFICE
FOR THE DISTRICT OF MASSACHUSETTS

2004 MAR 15 P 12: 50

C.A. NO. 04-CV-40021-NMG

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| GREEN MOUNTAIN REALTY CORP.,<br><br>    Plaintiff<br><br>v.<br><br>THE TOWN OF STURBRIDGE OF MASSACHUSETTS, THE ZONING BOARD OF APPEALS OF THE TOWN OF STURBRIDGE, MASSACHUSETTS, AND GINGER PEABODY, THEOPILE BEAUDRY, MARY BLANCHARD, JEFF BONJA, ROBERT CORNONI, PATRICIA JEFFRIES AND GARY JEZNACH, in their capacities as Members of the Zoning Board of Appeals of the Town of Sturbridge, Massachusetts,<br><br>    Defendants | ANSWER |

      The defendants, the Town of Sturbridge, Massachusetts, the Zoning Board of Appeals of the Town of Sturbridge, Massachusetts, and Ginger Peabody, Theophile Beaudry, Mary Blanchard, Jeff Bonja, Robert Cornoni, Patricia Jeffries and Gary Jeznach, in their capacities as Members of the Zoning Board of Appeals of the Town of Sturbridge, Massachusetts, hereby answer Plaintiff's Complaint as follows:

1.     Deny.

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2.

3.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

4. Admit.

5. Admit.

6. Admit.

7. Paragraph 7 of the Complaint contains conclusions of law for which no answer is required.

8. Paragraph 8 of the Complaint contains conclusions of law for which no answer is required.

9. Paragraph 9 of the Complaint contains conclusions of law for which no answer is required.

10. Paragraph 10 of the Complaint contains conclusions of law for which no answer is required.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15.

16. Defendants state that the Bylaw speaks for itself.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17.

18. Defendants admit that the proposed facility is in one of the areas in the Town where PWS facilities are allowed by special permit. Defendants deny the remaining allegations set forth in paragraph 18.

19. Admit.

20. Admit.

21. Defendants admit the allegations set forth in the first sentence of paragraph 21. Regarding the second and third sentences, Defendants admit that the evidence was submitted by the Plaintiff; and further answering, Defendants deny the remainder of the second and third sentences. Regarding the fourth sentence, Defendants admit that the photosimulations were submitted; and further answering, Defendants deny the remainder of the fourth sentence.

22. Regarding the first sentence of paragraph 22, Defendants admit that the report was submitted and further answering say that the report speaks for itself. Defendants deny the allegations set forth in the second and third sentences.

23. Deny.

24. Deny.

25. Defendants admit that the Zoning Board of Appeals voted, as stated, but deny the remaining allegations in the first sentence of paragraph 25; and further answering, Defendants state that the Decision speaks for itself.

26. Regarding the first sentence of paragraph 26, Defendants state that the Decision speaks for itself. Regarding the second sentence, Defendants state that the Bylaw speaks for itself. Defendants deny the allegations set forth in the third sentence.

### FIRST CAUSE OF ACTION

27. Defendants incorporate their answers set forth in paragraphs 1 through 26 as if set forth fully herein.

28. Deny.

29. Deny.

### SECOND CAUSE OF ACTION

30. Defendants incorporate their answers set forth in paragraphs 1 through 29 as if set forth fully herein.

31. Deny.

32. Deny.

### THIRD CAUSE OF ACTION

33. Defendants incorporate their answers set forth in paragraphs 1 through 32 as if set forth fully herein.

34. Deny.

35. Deny.

### FIRST DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief can be granted in that the Plaintiff lacks standing to assert a claim under the Telecommunications Act of 1996, 47 U.S.C. §332(c)(7)(B)(i).

## SECOND DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## THIRD DEFENSE

At all times relevant hereto, the Defendants acted within the lawful authority and discretion.

THE TOWN OF STURBRIDGE,
MASSACHUSETTS, ET AL.

By their attorneys,

*[signature]*

Joel B. Bard (BBO# 029140)
Patricia A. Cantor (BBO# 072380)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

215569/STUR/0041

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on _____

5