UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------x
Green Mountain Realty Corp.          :

              Plaintiff,     :

vs.                                  :   **CASE NO. 04-CV-40021-FDS**

The Town of Sturbridge of Massachusetts, the :
Zoning Board of Appeals of the Town of
Sturbridge, Massachusetts, and Ginger Peabody, :
Theophile Beaudry, Mary Blanchard, Jeff Bonja,
Robert Cornoni, Patricia Jeffries and Gary Jeznach, :
in their capacities as Members of the Zoning Board
of Appeals of the Town of Sturbridge,  :
Massachusetts
                                     :
             Defendants.
                                     :
------------------------------------x

## ORDER AND JUDGMENT

     WHEREAS, Green Mountain Realty Corp., on behalf of itself and Nextel Communications of the Mid-Atlantic, Inc. and Omnipoint Communications Enterprises (hereinafter "Green Mountain"), has appealed to the United States District Court for the District of Massachusetts, No. 04-CV-40021-FDS, from the Town of Sturbridge ("Town") Zoning Board of Appeals' ("Board of Appeals") decision regarding the location of a proposed personal wireless communications facility within the Town; and

     WHEREAS, Green Mountain and the Town both seek to achieve a resolution of the litigation that will permit the construction of a personal communication facility in a manner which will minimize the total number and visibility of new towers which will need to be constructed in the Town and will address appropriate concerns of the Town, while allowing construction in a location which will provide signal coverage adequate to meet the needs of several wireless communications providers; and

     WHEREAS, the parties agree that it is in their best interests and the best interests of the residents of the Town to resolve this matter in a mutually acceptable manner, with the entry of judgment in the litigation on the following terms:

## JUDGMENT

1. The Town will permit construction of a monopole-type wireless communications tower and other appurtenant structures substantially in accordance with the plans and drawings attached hereto and incorporated herein by reference as Exhibit A (the "Facility")(it being understood and agreed that modifications to said plans and drawings shall require the approval of the Board of Appeals)at a site proposed by Green Mountain, 126 Clark Road, subject to the following conditions. The particular site is described as the "Original Location" ("the Site") on the map attached hereto and incorporated herein by reference as Exhibit B.

2. The monopole at the Site may be constructed to a maximum height of 130 feet above the ground level.

3. In addition to the antennas, supporting structures, and equipment cabinets or shelters to be installed by Nextel and Omnipoint, the parties agree that up to four (4) other wireless communications providers may attach their antennas and associated facilities and equipment (including equipment cabinets or shelters) at the Site, without the necessity of any additional zoning approval from the Town. Green Mountain will give the Town written notice at least twenty-one (21) days prior to any such attachment. Green Mountain shall include comparable provisions of this Judgment as set forth in paragraphs 5, 6, 7, 8, 10-17 below in any co-location agreement whereby other wireless communications providers locate on the monopole.

4. As of the date of the execution of this Judgment, the Parties agree that there are no existing dwellings or other buildings or structures (excluding fences) within 130 feet of the planned location of the monopole on the Site. The Parties further agree that nothing contained in this Judgment shall prohibit or prevent any person or entity from building or constructing any dwelling, building or structure closer to the monopole than 130 feet, at any time after the date of the entry of this Judgment so long as such building or construction is otherwise consistent with law.

5. Each monopole and any antennas attached thereto shall be painted to minimize their visibility to abutters, adjacent streets and residential neighborhoods, and to blend with the natural environment. No antenna located on the monopole shall exceed ten feet above the level of its attachment to the tower.

6. Equipment cabinets and/or shelters shall be camouflaged behind an effective year-round landscape buffer (equal to the height of any proposed cabinet and/or shelter), and/or wooden fence.

7. Lighting shall be limited to minimal security lighting and any lighting that may be required by the Federal Aviation Administration.

8. All ground-mounted wireless communications facilities shall be surrounded by a security barrier. The parties agree that a single security barrier (which may be a fence) surrounding the entire installation may comply with this provision.

9. There shall be at least one parking space at the facility, to be used in connection with the maintenance of the facility and the Site and not to be used for long-term storage of vehicles and other items. The parties agree that the location of each such parking space may be within the security barrier or fence referred to in paragraph 8, above and that all co-locators shall use the one parking space.

10. All equipment proposed for the facility shall be operated in accordance with the Federal Communications Commission ("FCC") Guidelines for Evaluating the Environmental Effects of Radio Frequency Radiation ("RFR").

11. No hazardous waste shall be discharged by Green Mountain or by any co-locating provider at the Site. The Town agrees that there may be one or more propane tanks at each facility, to provide for short-term emergency power generation, but any such propane tanks shall be of double-wall manufacture and shall be maintained and inspected on a routine basis.

12. Ground-mounted equipment for the wireless communications facility shall not generate noise in excess of 50 decibels as measured at the property line, except during the operation of any emergency generator. If the Town has reasonable grounds for believing that there has been non-compliance with this provision, it shall notify Green Mountain, in writing by certified U.S. Mail, of the basis for its belief, including within said notice a reasonably detailed description of the date, time and circumstances of any such non-compliance. Green Mountain shall have twenty-one (21) days thereafter within which it shall either correct the problem or provide the Town with a written explanation of the situation. If the Town is not satisfied with Green Mountain's correction or explanation, the Town may hire a qualified, impartial acoustical engineer at Green Mountain's expense to verify noise levels.

13. After each co-locating wireless provider's facilities are operational, the operator of each such facility shall submit within 90 days after initiation of operation, and at biennial intervals thereafter, existing measurements of RFR from its wireless communication facilities. Such measurement shall be signed and certified by a Radio Frequency engineer stating that the RFR measurements are accurate and meet applicable FCC guidelines.

14. Green Mountain shall maintain the wireless communications facility in good condition. Such maintenance shall include, but shall not be limited to: painting, structural integrity of the mount and any security barrier and maintenance of the buffer area and landscaping.

15. At such time that Green Mountain plans to abandon or discontinue operation of the wireless communications facility, Green Mountain shall notify the Town by certified U.S. Mail of the proposed date of abandonment or discontinuance of operations. Such notice shall be provided no less than 30 days prior to the abandonment or discontinuance of operations. Upon abandonment or discontinuance of operations, Green Mountain shall physically remove the wireless communications facility within 90 days of the expiration of the 30-day notice. "Physically Remove" shall include, but not be limited to:

    A. Removal of antennas, mount, equipment shelters and security barriers from the subject property.

B.  Proper disposal of the waste materials from the site in accordance with local and state solid waste disposal regulations.

C.  Restoration of the location of the wireless communications facility to its natural condition, except that any landscaping and grading shall remain in the "after" condition.

16. Green Mountain shall provide the Town with written authority from the owner or owners of record for the Site to bind Successors and assigns to allow the Town, after provision of advance notice in writing to the owner or owners, to enter onto the subject property to physically remove the facility in the event that Green Mountain fails to remove the facility in accordance with the requirements of this Judgment.

17. Green Mountain shall post a bond with the Town of Sturbridge in the amount of $22,000 to cover the costs for removal of the wireless communications facility in the event the Town must remove the facility.

18. Green Mountain shall be subject to the Site Plan Approval requirements of the Sturbridge Zoning Bylaws, §12.03(c), and Chapter Twenty-five.

19. Green Mountain shall notify the Town in writing in the event it transfers ownership of the facility.

20. Any notice required under this Judgment shall be sent to the party at the following address:

        Town of Sturbridge:   Town Administrator
                                     Town Hall
                                     308 Main Street
                                     Sturbridge, MA 01566

        Green Mountain Realty Corp.:

                                     Victor Drouin, President
                                     Green Mountain Communications, Inc.
                                     P.O. Box 356
                                     Wolfeboro Falls, NH 03896

21. This Judgment shall be binding upon the successors and assigns of the parties hereto.

                                                                             Judge, United States District Court

                                                                             Dated:           2004

233317/28700/0041
J:\wdox\docs\clients\14962\67890\M0636158.DOC





